AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Sam Rise, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-2388 |
| Jason Bagshaw, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  United States Capitol Police

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A (Plaintiffs' Doe Discovery Requests)

| Place: Electronically to all: brittany@civilrightscorps.org; kiah@civilrightscorps.org; shirley@civilrightscorps.org; sumayya@hamedlaw.com | Date and Time: 10/23/2024 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/09/2024

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* All named plaintiffs
_____ , who issues or requests this subpoena, are:

Brittany Francis, brittany@civilrightscorps.org, (202) 844-4975

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-2388

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SAM RISE,** *et al.,* | |
| Plaintiffs, | |
| v. | Case No.: 24-2388 |
| **MPD COMMANDER JASON BAGSHAW,** *et al.,* | |
| Defendants. | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO UNITED STATES CAPITOL POLICE DEFENDANTS

### INSTRUCTIONS

1.    Respond to each question or request based on all information or documents known, within the possession of, or reasonably available to you or your attorney, not merely information within the personal knowledge of the individual(s) responding to this interrogatory or request.

2.    If you cannot answer a question or request in full after exercising due diligence, so state and answer to the extent possible. Specify the reason for your inability to answer the remainder and state whatever information or knowledge you have concerning any unanswered portion.

3.    If you perceive any ambiguity in a question, request, instruction, or definition, the answer should identify the perceived ambiguity and the interpretation or understanding used in answering.

4.    If you consider any of the following questions or requests to be objectionable in whole or part, or seek information covered by a privilege, specify the question or request to which you object, or to which you claim a privilege, the basis the objection or privilege, and answer any part of the question or request that you do not consider objectionable or to be seeking privileged information.

## DEFINITIONS

1.    "Ceasefire Protest" refers to the protest outside of the Democratic National Committee building (430 South Capitol St SE #3, Washington, DC 20003) on November 15, 2023, to which Metropolitan Police Department and United States Capitol Police officers responded, that is described in Plaintiffs' complaint.

2.    "Identify," when used with respect to a member of United States Capitol Police, means provide the person's (a) full name, (b) rank, (c) work address, (d) work email address, (e) phone number, and (f) identifying photograph.

3.    "USCP" refers to the United States Capitol Police, its employees, contractors, and agents.

4.    "USCP member" refers to any employee, agent, or contractor of USCP, including, but not limited to, command staff, supervisors, and sworn officers.

5.    The terms "any," "and," and "or," shall be construed inclusively so as to require the most complete response.

## USCP INTERROGATORIES

1.    Identify all USCP commanders, inspectors, captains, lieutenants, or sergeants who were present at the Ceasefire Protest.

2.    Identify all USCP members referenced in any reports concerning the Ceasefire Protest, including without limitation any Use of Force reports.

3.    Identify all USCP officers who participated in the police response to the Ceasefire Protest, including without limitation (i) any such officers known to the Joint Information Center referenced in MPD's General Order 801-01, "Crowd Management and Civil Unrest," effective Sept. 1, 2023, Section II.V or (ii) any such officers consulted in connection with MPD's reporting requirements under General Orders 801-01 or 901-07 and any other orders setting forth reporting requirements.

4.    Identify all USCP members who wore riot gear (i.e., "rapid response gear") at the Ceasefire Protest.  On information and belief, these officers' names may be or contain: Labille; Tessema; Samedi; Callaghan; M. Bejin; C. Marcus; J. Bravo; T. Krause; Ordonez; Maters; M. Lopez; or Scharkoff, A. Shumake.

5.    Identify the USCP member labeled USCP John Doe 1 in this photograph. For your reference, this photograph was taken during the Ceasefire Protest on November 15, 2023, near the DNC headquarters.



6.    Identify the USCP member labeled USCP John Doe 2 in this photograph. On information and belief, this person's name may be or contain: M. Bejin; Bravo; Marcus; Shumake; Tessembia; Krause; or Estep. For your reference, this photograph was taken on November 15, 2023, on the front steps of the DNC headquarters at the Ceasefire Protest.



7.    Identify the USCP labeled USCP John Doe 3 in these photographs. For your reference, these photographs were taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



8.      Identify the USCP member labeled USCP John Doe 4 in these photographs. For your reference, these photographs were taken on November 15, 2023, on the front steps of the DNC Headquarters at the Ceasefire Protest.



9.      Identify the USCP member labeled John Doe 5 in these photographs. For your reference, these photographs were taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



10.    Identify the USCP member labeled USCP John Doe 6 in these photographs. For your reference, these photographs were taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



11.    Identify the USCP member labeled USCP John Doe 7 in these photographs. For your reference, these photographs were taken around 7:45 pm on November 15, 2023, at the front steps of the DNC headquarters.



12.    Identify the USCP member labeled USCP John Doe 8 in this photograph. For your reference, this photograph was taken on November 15, 2023, near the DNC Headquarters at the Ceasefire protest.



13.    Identify the USCP member labeled USCP John Doe 9 in this photograph. For your reference, this photograph was taken during the Ceasefire Protest on November 15, 2023, near the DNC headquarters.



14.    Identify the USCP member labeled USCP John Doe 10 in this photograph. For your reference, this photograph was taken near the beginning of the Ceasefire Protest on November 15, 2023, at the front steps of the DNC headquarters. On information and belief, USCP John Doe 10's name may be or contain: Bardales; Chisolm; C. Marcus; Callaghan; Civy (spelling uncertain); or B. Boyer.



15.    Identify the USCP member labeled USCP John Doe 11 in these photographs.  For your reference, these photographs were taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



16.    Identify the USCP member labeled USCP John Doe 12 in this photograph. On information and belief, this person's last name may start with or contain: "Bam…" For your reference, this photograph was taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



17.    Identify the USCP member labeled USCP John Doe 13 in these photographs. On information and belief, this person's name may contain: "ous…" For your reference, these photographs were taken on November 15, 2023, near the DNC

Headquarters at the Ceasefire Protest.



18.    Identify the USCP member labeled USCP John Doe 14 in these photographs. On information and belief, this person's name might be "T. Eaton." For your reference, these photographs were taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



19.    Identify the USCP member labeled USCP John Doe 15 in this photograph. For your reference, this photograph was taken around 7:40 pm on November 15, 2023, near the DNC headquarters.



20.    Identify the USCP member labeled USCP John Doe 16 in this photograph.  For your reference, this photograph was taken on November 15, 2023, near the DNC Headquarters at the Ceasefire Protest.



21.    Identify the USCP member labeled USCP John Doe 17 in this photograph. On information and belief, this person's name might be or contain "Reilly." For your reference, this photograph was taken during the Ceasefire Protest on November 15, 2023, on the front steps of the DNC headquarters.



22.    Identify the USCP member labeled USCP John Doe 18 in this photograph. On information and belief, this person's name might be or contain "Reilly." For your reference, this photograph was taken on November 15, 2023, near the front steps of the DNC Headquarters at the Ceasefire protest.



23.    Identify the USCP member labeled USCP John Doe 19 in this photograph. On information and belief, this person's name might be or contain "Reilly." For your reference, this photograph was taken on November 15, 2023, near the front steps of the DNC Headquarters at the Ceasefire Protest.



24.    Identify the USCP members who have the following badge numbers: #7248; #7502; #7554; #2350; #7825; #7779; #7690; # 5318; #5740; #7538; # 5984; #7774; #7857. On information and belief, the officers with these badge numbers were present at the Ceasefire Protest on November 15, 2023, near the DNC Headquarters.

25.    Identify USCP members who were assigned to drive or ride in vehicles with the following numbers on November 15, 2023, around 7:00 pm: #8877; #8656, #8654, D55, #8709, SUV #8707.

## USCP REQUESTS FOR PRODUCTION

1.    All reports concerning the Ceasefire Protest, including without limitation any Use of Force reports, or, if said reports have not been finalized, all drafts of such reports.

2.    All bodyworn camera ("BWC") footage or other photographic, videographic, or audio recordings related to the Ceasefire Protest.