UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAM RISE,** *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>**MPD COMMANDER JASON BAGSHAW,** *et al.*,<br><br>                    Defendants. | Case No.: 24-2388 |

### ATTESTATION OF KIAH DUGGINS IN SUPPORT OF PLAINTIFFS' REQUEST THAT THE CLERK SIGN A SUBPOENA ON THE UNITED STATES FOR JOHN DOE DISCOVERY

1.      My name is Kiah Duggins and I am counsel of record for Plaintiffs in Rise et al. v. Bagshaw et al., Case No. 1:24-cv-2388.

2.      Plaintiffs seek early limited discovery to identify the Defendants who are named in the Complaint as John Doe Supervising Metropolitan Police Department ("MPD") Officers 1-10, John Doe MPD Officers 1-50, John Doe Supervising United States Capitol Police ("USCP") Officers 1-10, John Doe USCP Officers 1-50 (hereinafter "MPD John Doe Defendants" and "USCP John Doe Defendants" or, collectively, "John Doe Defendants"). *See* Doc. 1; Fed. R. Civ. Pro. 26(d)(1) (providing for discovery before the Rule 26(f) conference "when authorized by . . . stipulation, or by court order").

3.      On October 8, 2024, I conferred with MPD Assistant General Counsel Teresa Quon and Assistant Attorney General Rich Sobiecki about early limited discovery to identify the MPD John Doe Defendants. We are working to reach a stipulation over electronic mail.

4. On October 4, I conferred with Ruth Dixon of the USCP General Counsel Office via electronic mail about early limited discovery to identify the USCP John Doe Defendants. That same day, USCP Senior General Counsel James Joyce informed me that I must contact the United States Attorney's Office for the District of Columbia.

5. On October 4, Brian P. Hudak of the United States Attorney's Office stated that he objects to such discovery because Plaintiffs have not yet served the United States. *See* Fed. R. Civ. Pro. 4(i)(3) ("To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).").

6. Plaintiffs cannot effectuate service in accordance with Rule 4(i)(3) until Plaintiffs have identified the USCP John Doe Defendants.

7. Plaintiffs cannot identify the USCP John Doe Defendants without obtaining early limited discovery from the United States Capitol Police.

8. Mr. Hudak also objects because Plaintiffs have not yet served a third party subpoena on the United States Capitol Police for the early limited discovery they seek.

9. Thus, Plaintiffs respectfully request that the clerk sign the enclosed third party subpoena.

10. Once the subpoena has been issued, Plaintiffs can confer with Respondent United States about early limited discovery to identify the USCP John Doe Defendants.

11. If, after conferring with Respondent, Plaintiffs are unable to reach a stipulation about early limited discovery, Plaintiffs are prepared to file a motion to compel such discovery in service of Plaintiffs' identification of the USCP John Doe Defendants.

<u>/s/ Kiah Duggins</u>
District of D.C. Bar No. 1779266
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Phone: (202) 844-4975
*Counsel for Plaintiffs*