UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAM RISE**, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**JASON BAGSHAW**, *et al.*,<br><br>　　Defendants. | Civil Action No. 1:24-cv-02388-RCL |

**DISTRICT DEFENDANTS' MOTION
TO STAY DEADLINE TO RESPOND TO AMENDED
COMPLAINT, OR IN THE ALTERNATIVE, FOR EXTENSION
OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

Defendants District of Columbia (the District), Jason Bagshaw, Kristine Alemania, Gregory Alemian, David Augustine, Collin Cole, David Collins, Anthony Delborrell, James Dennings, Frantz Fulcher, Matthew Guo, Justus Hsu, Gregory Jackson, Christopher John, Lansana Kamara, Mahmoud Kessba, Alec Kurz, Christopher Miller, Michael Muzzey, Mark Namdar, Robert Parker, David Randolph, Abanoub Rezkalla, Dany Rivera-Euceda, Jean Laurin Samedi, Jeffrey Sipes, Brian Sullivan, Dylan D'amore, Andre M. Davis, Mina Faragalla, Blake Johnson, Cedrick Pierre, Jose Santiago, Khiorie Stewart, Leslie Parsons, and Rebeca Villatoro (collectively, the District Defendants) move under Rule 6(b)(1)(A) and this Court's inherent docket-management authority to stay their deadline to respond to Plaintiffs' Amended Complaint [19]. The District Defendants' current deadline to respond to the Amended Complaint is January 21, 2025. In the alternative, the District Defendants seek to extend their time to respond to the Amended Complaint until February 11, 2025.

The Amended Complaint asserts claims against 46 current or former MPD officers but does not include specific allegations against any officer. The Parties had been attempting to reach an agreement pursuant to which the District would provide Plaintiffs with body-worn camera footage (BWC) from the night in question so that Plaintiffs could amend their complaint to omit defendants who are not implicated by Plaintiffs' allegations. However, because Plaintiffs would not agree to treat the BWC as confidential, the Parties were unable to reach an agreement. During those negotiations, Plaintiffs filed a motion seeking discovery from third-party United States Capital Police [27]. Plaintiffs are pursuing that discovery so that they can amend their complaint a second time. That motion remains pending. Further, on December 26, 2024, the United States filed a *Westfall* certification, substituting itself as the defendant in place of all federal officers who had been named as defendants [30]. To the District Defendants' knowledge, Plaintiffs had not served any federal officer defendant with the Amended Complaint prior to December 26, 2024, and have not served the United States since then. At least, no affidavit of service appears on the docket. Therefore, the United States does not currently have a deadline to respond to the Amended Complaint.

As it stands, the District Defendants would have to move to dismiss a complaint that the Plaintiffs are actively seeking to amend. The District Defendants do not believe that that is an efficient or reasonable way to proceed. Instead, the District Defendants' position is that this case should proceed on a single track with all defendants having the same responsive pleading deadline, which cannot happen until Plaintiffs' motion for discovery is resolved, Plaintiffs file (or not) a second amended complaint, and all defendants, whether named now or in a second amended complaint, are served. Even then, the United States—and any future-named individual federal defendants—would have 60 days to answer or otherwise respond. Accordingly, the

District Defendants request that the Court stay their deadline to respond to the Amended Complaint and propose that the Parties submit a joint status report within seven days after the Court's resolution of Plaintiffs' pending motion for discovery with a proposed briefing schedule. In the alternative, because the District Defendants have been attempting to reach an agreement with Plaintiffs that would obviate their current January 21, 2025 deadline but were unable to reach an agreement, the District Defendants request that the Court extend their deadline to respond to the Amended Complaint until February 11, 2025.  An extension of the current deadline is also warranted because, while the Office of the Attorney General (OAG) has arranged to represent 35 of the 46 individual defendants, it is still attempting to determine whether it will represent the remaining individuals.

      The granting of a stay is within the Court's "broad discretion" to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Dellinger v. Mitchell*, 442 F.2d 782, 790 n.7 (D.C. Cir. 1971) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Extensions of existing deadlines can be granted on a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A).  The District Defendants submit that the interests of efficiency and economy clearly favor a brief stay of their responsive pleading deadline, for the reasons set forth above.  If the Court disagrees, good cause still justifies another brief extension of the existing deadline to allow counsel to secure representation agreements and prepare a single responsive pleading on behalf of all defendants that OAG will represent.

      Counsel for the District Defendants has satisfied the conferral requirements of Local Rule 7(m).  On Thursday, January 16, 2025, at 9:38 a.m., counsel for the District Defendants contacted counsel for Plaintiffs, seeking their position on the motion.  After receiving a response from opposing counsel that did not provide a position, counsel for the District Defendants

reiterated the request at 4:51 p.m. that same day. Counsel for Plaintiffs responded on Friday, January 17, 2025, but again did not provide a position. Counsel for the District requested that Plaintiffs take a position no later than 3 p.m. on January 17. As of this filing, at approximately 4 p.m., counsel for Plaintiffs have still failed to take a position on the present motion. This is the District Defendants' first motion to stay, and if applicable, it is their third motion to extend. Pursuant to Local Rule 7(a), this motion includes all supporting points of law and authority. A proposed order follows, as required by Local Rule 7(c).

Date: January 17, 2025.

Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Richard P. Sobiecki*
RICHARD P. SOBIECKI [500163]
GREGORY KETCHAM-COLWILL [1632660]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, N.W. Suite 10100
Washington, D.C. 20001
Phone: (202) 805-7512
Email: richard.sobiecki@dc.gov

*Counsel for District Defendants*