UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM RISE, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 24-2388 (RCL) |
| JASON BAGSHAW, Commander, Metropolitan Police Department, et al., | |
| Defendants. | |

**OFFICIAL CAPACITY FEDERAL DEFENDANTS' MOTION TO DISMISS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF**

## TABLE OF CONTENTS

Table of Contents ........................................................................................................... i

Table of Authorities ...................................................................................................... ii

Introduction .................................................................................................................. 1

Background ................................................................................................................... 1

Legal Standards ............................................................................................................ 3

Argument ...................................................................................................................... 4

      I.      The Court Should Dismiss the Common Law Assault and Battery Claim (Count II) Against the United States because Plaintiffs Plead No FTCA Exhaustion. ...... 4

      II.     The Court Should Dismiss Plaintiffs' § 1983 Claims Against the Official Capacity Federal Defendants. .................................................................................................. 7

Conclusion ................................................................................................................... 9

# TABLE OF AUTHORITIES

<u>Cases</u>

*Am. Nat'l Ins. Co. v. FDIC*,
    642 F.3d 1137 (D.C. Cir. 2011) ........................................................... 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................... 1, 2

*Atchinson v. Dist. of Columbia*,
    73 F.3d 418 (D.C. Cir. 1996) ............................................................. 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................... 4

*Bostic v. U.S. Capitol Police*,
    644 F. Supp. 3d 106 (D.D.C. 2009) ....................................................... 8

*Clark v. Library of Congress*,
    750 F.2d 89 (D.C. Cir. 1984) ............................................................. 8

*Cureton v. U.S. Marshal Service*,
    322 F. Supp. 2d 23 (D.D.C. 2004) ........................................................ 5

*Emrit v. Nat'l Inst. of Health*,
    157 F. Supp. 3d 52 (D.D.C. 2016) ........................................................ 6

*Gen. Motors Corp. v. EPA*,
    363 F.3d 442 (D.C. Cir. 2004) ........................................................... 3

*Hamrick v. Brusseau*,
    80 F. App'x 116 (D.C. Cir. 2003) ........................................................ 8

*Hoffman v. Dist. of Columbia*,
    643 F. Supp. 2d 132 (D.D.C. 2009) ....................................................... 6

*Kingman Park Civic Assoc. v. Gray*,
    27 F. Supp. 3d 142 (D.D.C. 2014) ........................................................ 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ...................................................................... 4

*Lamb v. Millenium Challenge Corp.*,
    573 F. Supp. 3d 346 (D.D.C. 2021) ....................................................... 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...................................................................... 4

*McNeil v. United States*,
    508 U.S. 106 (1993) ................................................................... 5, 6

*Mowatt v. U.S. Parole Comm'n*,
  825 F. Supp. 3d 199 (D.D.C. 2011) ................................................................. 8

*Murthy v. Vilsack*,
  609 F.3d 460 (D.C. Cir. 2010) ....................................................................... 7

*Norton v. United States*,
  530 F. Supp. 3d 1 (D.D.C. 2021) .................................................................. 7

*Osborn v. Haley*,
  549 U.S. 225 (2007) ............................................................................... 4, 5

*Pinson v. Dep't of Justice,*
  Civ. A. No. 18-486 (RC), 2023 WL 2708815 (D.D.C. Mar. 30, 2023) ................................. 6

*Settles v. U.S. Parole Comm'n*,
  429 F.3d 1098 (D.C. Cir. 2005) ..................................................................... 8

*Simpkins v. Dist. of Columbia Gov't*,
  108 F.3d 366 (D.C. Cir. 1997) .................................................................... 4, 5

*Slovinec v. Georgetown Univ.*,
  268 F. Supp. 3d 55 (D.D.C. 2017) ................................................................ 2, 3

*Taylor v. Clark*,
  821 F. Supp.2d 370 (D.D.C. 2011) ................................................................ 6, 7

*Wilson v. Obama*, 770 F. Supp. 2d 188 (D.D.C. 2011) ................................................... 5

*Thomas v. Principi*,
  394 F.3d 970 (D.C. Cir. 2005) ..................................................................... 4

*United States v. Mitchell*,
  463 U.S. 206 (1983) ............................................................................... 8

*Wuterich v. Murtha*,
  562 F.3d 375 (D.C. Cir. 2009) ..................................................................... 5

<u>Statutes</u>

28 U.S.C. § 1346 .................................................................................... 4

28 U.S.C. § 2675 .................................................................................... 5

28 U.S.C. § 2679 ................................................................................. 4, 5

42 U.S.C. § 1983 .............................................................................. passim

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Government respectfully moves to dismiss the common law assault and battery claim, and the 42 U.S.C. § 1983 constitutional claims to the extent they are brought against United States Capitol Police ("Capitol Police") Sergeant Joseph Sobnosky IV, Officers Kyle O'Keefe, Khan (first name not identified), Zach Piazza, and Yordanos Tessema, and John Doe Capitol Police Officers in their official capacities (collectively, the "Official Capacity Federal Defendants").

## INTRODUCTION

The Court should dismiss the common law tort claim of assault and battery (Count II) because Plaintiffs fail to plead that they exhausted their remedies under the Federal Tort Claims Act ("FTCA"). Indeed, Plaintiffs did not exhaust before filing suit. Additionally, the Court should dismiss the § 1983 constitutional claims (Counts I, III, and IV) brought against the Official Capacity Federal Defendants because the United States has not waived its sovereign immunity to be sued under § 1983.

Plaintiffs also appear to have sued the identified Capitol Police officers in their individual capacities (the "Individual Capacity Federal Defendants") under § 1983. Plaintiffs did not personally serve those officers in their individual capacities until January 24, 2025. After obtaining representation, the Individual Capacity Federal Defendants anticipate moving to dismiss the § 1983 claims brought against them.

## BACKGROUND

The facts as alleged in the Complaint are as follows. For the purposes of this motion to dismiss, the factual allegations contained in the Complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)..

On November 15, 2023, Plaintiffs protested outside of the Democratic National Committee headquarters for a "ceasefire in Palestine." Am. Compl. (ECF No. 1) ¶ 1. Protesters "gathered at

different points outside the [Democratic National Committee] building," *id.* ¶ 47, including on the front steps, *id.* ¶¶ 8, 48, and "at the front door," *id.* ¶ 58. At least one protester had his hand on a door handle of the building. *Id.* ¶ 185. Numerous Congressmen were inside the building, *id.* ¶ 43, and had to be escorted by officers to leave, *id.* ¶ 78. Plaintiffs allege "they were met with violence and destruction at the hands of the Metropolitan Police Department and United States Capitol Police Officers." *Id.* ¶ 1. "The officers' unjustified brutality, including strangulation, sexual assault and the use of carcinogenic chemical weapons, violated Plaintiffs' rights under the United States Constitution and District of Columbia law." *Id.* ¶ 1.

Per the Capitol Police statement that Plaintiffs have incorporated into their complaint,[1] *id.* ¶ 98 & n.51, the protest was "not peaceful," *USCP Statement on the Unlawful Demonstration Outside the DNC*, https://www.uscp.gov/media-center/press-releases/uscp-statement-unlawful-demonstration-outside-dnc (Nov. 16, 2023). "The crowd failed to obey [the officers'] lawful orders to move back from the [Democratic National Committee headquarters], where Members of Congress were in the building." *Id.* The protesters "moved dumpsters in front of the exits, pepper sprayed [] officers and attempted to pick up the bike rack." *Id.* The officers cleared the protestors from the area so that they "could safely evacuate the Members and staff." *Id.* Indeed, one of the protesters was arrested for assault on an officer after the protester slammed a female officer into a garage door and punched her in the face. *Id.* Congressman Brad Sherman "echoed" the claim that the protesters pepper sprayed the officers. Am. Compl. (ECF No. 20) ¶ 98 & n.52.

---

[1] The Court may consider the statement without converting this motion to a motion for summary judgment because it is "incorporated by reference in the complaint." *Slovinec v. Georgetown Univ.*, 268 F. Supp. 3d 55, 59 (D.D.C. 2017), *aff'd*, No. 17-7122, 2018 WL 1052650 (D.C. Cir. Jan. 26, 2018) (internal quotation marks omitted).

On August 16, 2024, Plaintiffs sued officers of the Metropolitan Police and Capitol Police, as well as the District of Columbia. Compl. (ECF No. 1). On November 18, 2024, Plaintiffs filed an Amended Complaint. Am. Compl. (ECF No. 20). As to the Capitol Police, Plaintiffs named four officers and one sergeant in their individual capacities, as well as John Doe officers and supervising officers. *Id.* ¶¶ 31, 32, 34.[2]

In Count I, Plaintiffs claim, under 42 U.S.C. § 1983, that the Metropolitan Police Department and Capitol Police officers used excessive and unreasonable force in violation of Plaintiffs' Fourth Amendment rights. *Id.* ¶¶ 267-291. In Count II, Plaintiffs claim that the Metropolitan Police Department and Capitol Police officers were liable for common law assault and battery. *Id.* ¶¶ 292-30. In Count III, Plaintiffs claim, under § 1983, that the Metropolitan Police Department and Capitol Police officers retaliated against them in violation of their First Amendment right to free speech. *Id.* ¶¶ 301-14. In Count IV, Plaintiff Beth Gen claims, under § 1983, that the Capitol Police officers unlawfully seized her in violation of her Fourth Amendment rights. *Id.* ¶¶ 315-22. In Count V, Plaintiffs allege that the Metropolitan Police Department officers (and not the Capitol Police officers) are liable for negligence per se. *Id.* ¶¶ 323-28.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In response to a motion to dismiss a complaint for lack of subject matter

---

[2]    Plaintiffs filed a motion for early discovery, seeking identification of additional Capitol Police officers, among other information and documents (ECF No. 27). The United States has opposed the motion (ECF No. 31). The motion is pending.

jurisdiction, a plaintiff must establish jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating a motion to dismiss under Rule 12(b)(1), the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting Plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But the pleading must offer more than "labels and conclusions"; "mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

### I.    The Court Should Dismiss the Common Law Assault and Battery Claim (Count II) Against the United States because Plaintiffs Plead No FTCA Exhaustion.

The Court does not have subject matter jurisdiction over Plaintiff's common law assault and battery claim (Count II) because Plaintiffs fail to plead FTCA exhaustion.

The FTCA is the exclusive remedy for obtaining damages based on tortious conduct committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1); *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of actions they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229, 247 (2007). To that end, once the Attorney General or his authorized designee certifies that a federal employee was acting within the scope of his or her employment at the time of the conduct giving rise to the claim, "the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 230. Thereafter, the FTCA governs the claims. *Id.*; *see also Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009) (after Westfall certification, a suit against the United States is governed by the FTCA).

- 4 -

In the present case, the Chief of the Civil Division, United States Attorney's Office for the District of Columbia, acting pursuant to delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that the named Capitol Police officers were acting within their scope of employment as employees of the United States at the time of the alleged incidents. *See* Westfall Cert. (ECF No. 30). Therefore, the FTCA governs Plaintiffs' common law assault and battery claim (Count II), and for the following reasons, the Court should dismiss the claim because Plaintiffs fail to plead FTCA exhaustion.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The FTCA's limited waiver of sovereign immunity does not occur until a plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency" and obtaining a final written decision or waiting six months after presentment. 28 U.S.C. § 2675(a); *see also Cureton v. U.S. Marshal Service*, 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ( "Under the FTCA, exhaustion occurs once a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a 'sum certain' of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing."). Exhaustion "is a requirement of the FTCA," *Wilson v. Obama*, 770 F. Supp. 2d 188, 191 (D.D.C. 2011), which the D.C. Circuit has deemed to be jurisdictional, *Simpkins*, 108 F.3d at 371.

Here, Plaintiffs' Amended Complaint pleads no facts demonstrating that Plaintiffs exhausted their administrative remedies prior to bringing their common law assault and battery claim (Count II) in federal court. *See* Am. Compl. (ECF No. 20). Because the burden to establish subject matter jurisdiction rests with Plaintiffs and they have failed to meet that burden, dismissal is appropriate. *See, e.g.*, *Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per

curiam) ("[T]he district court properly dismissed the case [based on unexhausted FTCA claim] for lack of subject-matter jurisdiction."); *Pinson v. Dep't of Justice*, Civ. A. No. 18-486 (RC), 2023 WL 2708815, at *7 (D.D.C. Mar. 30, 2023) ("Because Pinson has therefore failed to meet her burden of proving administrative exhaustion, the Court dismisses Pinson's FTCA claims for lack of subject matter jurisdiction."); *Emrit v. Nat'l Inst. of Health,* 157 F. Supp. 3d 52, 55 (D.D.C. 2016) (dismissal where there was a failure to plead exhaustion).

Plaintiffs state in their reply in support of early discovery that they filed a Standard Form 95 (Claim for Damage, Injury, or Death) on September 24, 2024, Pls. Reply (ECF No. 32-1) at 10, but a plaintiff cannot amend a complaint through briefing, *Kingman Park Civic Assoc. v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014). Because Plaintiffs failed to plead exhaustion in their Amended Complaint, they have not satisfied their burden of establishing subject matter jurisdiction. In any event, Plaintiffs state that they filed their Standard Form 95 on September 24, 2024—more than a month after they filed their federal court complaint on August 16, 2024. But Plaintiffs were not permitted to commence suit until after the agency issued a written denial or fails to resolve the claim within six months. *McNeil*, 508 U.S. at 113; *Taylor v. Clark*, 821 F. Supp.2d 370, 374 (D.D.C. 2011); *Hoffman v. Dist. of Columbia*, 643 F. Supp. 2d 132, 138 (D.D.C. 2009). Neither of those events occurred before Plaintiffs "[brought] suit in federal court." *McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Thus, even if Plaintiffs' representation that they filed Standard Form 95s on September 24, 2024, is accurate (it appears that it is not fully accurate as only a subset of the Plaintiffs filed the required form), the common law tort claim must be dismissed for lack of subject matter jurisdiction.

Notably, the Court cannot accommodate a request to stay the case to allow the six-month period to lapse because "FTCA's exhaustion requirement is a jurisdictional prerequisite to filing suit, and the Court is obligated to dismiss cases over which it lacks subject matter jurisdiction." *Taylor*, 821 F. Supp. 2d at 374-75 (cleaned up). Nor can Plaintiffs cure their failure to exhaust by filing an amended complaint after the six-month waiting period lapses. *Murthy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010) (in Title VII exhaustion context, "the filing of an amended complaint after the 180–day period expired cannot cure the failure to exhaust"); *Norton v. United States*, 530 F. Supp. 3d 1, 7 (D.D.C. 2021) ("Plaintiff's amended complaint also cannot satisfy the FTCA's exhaustion requirement. Under the FTCA, the appropriate analysis is whether the claimant exhausted her administrative remedies *at the time she filed her complaint*, not whether the exhaustion requirement was ultimately satisfied at a later date."); *Lamb v. Millenium Challenge Corp.*, 573 F. Supp. 3d 346, 364 (D.D.C. 2021) ("the Court concludes that an FTCA plaintiff cannot cure a premature filing by attempting to exhaust while the suit is pending and filing an amended or supplement complaint") (cleaned up).

Consequently, this Court lacks subject matter jurisdiction over Plaintiffs' common law assault and battery claim and must dismiss it.

## II.    The Court Should Dismiss Plaintiffs' § 1983 Claims Against the Official Capacity Federal Defendants.

Counts I (excessive force brought under § 1983), Count III (First Amendment retaliation brought under § 1983), and Count IV (unlawful seizure brought under § 1983) must be dismissed against the Official Capacity Federal Defendants because the United States has not waived its sovereign immunity for § 1983 claims. "[T]he United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). No federal government agency may waive immunity, and "[i]f the United

States has not consented to being sued under § 1983, sovereign immunity requires the court to dismiss [Plaintiff's] claim for lack of jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (citation omitted). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not mention the United States or any federal government entity, let alone "unequivocally express[]" a waiver of sovereign immunity. *Settles*, 429 F.3d at 1105. And a suit for damages under § 1983 against government employees in their official capacities is the equivalent of an action against the government entity itself. *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996); *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984). Therefore, to the extent Plaintiff's § 1983 claims are brought against the Official Capacity Federal Defendants, they must be dismissed. *See, e.g.*, *Hamrick v. Brusseau*, 80 F. App'x 116, 116 (D.C. Cir. 2003) ("The district court properly dismissed Hamrick's constitutional claims because the United States has not waived sovereign immunity with respect to actions for damages based on violations of constitutional rights by federal officials, whether brought against the United States directly or against officers sued in their official capacities." (cleaned up)); *Mowatt v. U.S. Parole Comm'n*, 825 F. Supp. 3d 199, 205 (D.D.C. 2011) (holding that sovereign immunity blocks official-capacity suit against government officials); *Bostic v. U.S. Capitol Police*, 644 F. Supp. 3d 106, 110 (D.D.C. 2009) (same).

In a forthcoming motion, the Government anticipates that the Individual Capacity Federal Defendants will move to dismiss the § 1983 brought against them. Plaintiff did not serve the Individual Capacity Federal Defendants until January 24, 2025. Upon obtaining representation,

the Individual Capacity Federal Defendants will demonstrate that they were federal agents acting under color of federal law, and therefore, § 1983 is inapplicable.

## CONCLUSION

For these reasons, the Court should dismiss the common law assault and battery claim (Count II), as well as the § 1983 claims brought against the Official Capacity Federal Defendants (Counts I, III, and IV).

Dated: February 17, 2025     Respectfully submitted,

          EDWARD R. MARTIN, JR., D.C. Bar #481866
          United States Attorney

          BRIAN P. HUDAK
          Chief, Civil Division

          By:   */s/ M. Jared Littman*
           M. JARED LITTMAN
           Assistant United States Attorney
           601 D Street, NW
           Washington, DC 20530
           (202) 252-2523

          *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM RISE, et al.,

        Plaintiffs,

    v.

JASON BAGSHAW, Commander,
Metropolitan Police Department, et al.,

        Defendants.

Civil Action No. 24-2388 (RCL)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Official Capacity Federal Defendants' motion to dismiss, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that Plaintiffs' Complaint is DISMISSED as to the Official Capacity Federal Defendants.

SO ORDERED:

_____
Date

_____
ROYCE C. LAMBERTH
United States District Judge