UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAM RISE,** *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>**MPD COMMANDER JASON BAGSHAW,** *et al.*,<br><br>   Defendants. | Case No.: 24-2388 |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO OFFICIAL CAPACITY FEDERAL DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

The United States moves to dismiss Plaintiffs' claims against individual United States Capitol Police ("USCP") Officers to the extent those claims are made against the officers in their official capacity. This motion fails and should be denied because it is premised on two erroneous beliefs.

First, the United States appears to believe that Plaintiffs have raised tort claims against USCP officers that must be litigated: (1) under the Federal Tort Claims Act ("FTCA"); (2) in compliance with the FTCA's administrative exhaustion requirements; and (3) against the officers in their official capacities, with the United States substituted as a defendant. This is incorrect. Plaintiffs' tort claims are "brought for a violation of the constitution" under 28 U.S.C. § 2679(b)(2)(a), which is one of two exceptions to the exclusive remedy provision of the FTCA under the Westfall Act. Because Plaintiffs' claims fall within this exception, their claims are not

subject to the FTCA's administrative exhaustion requirements and the United States may not be substituted as a defendant for the individual USCP officers. Accordingly, Plaintiffs' common law tort and constitutional claims against USCP officers remain individual capacity claims, as originally pled, and neither the FTCA's exhaustion requirements nor the United States' sovereign immunity more broadly shield the officers from liability, because both are inapplicable here.

Second, the United States incorrectly characterizes Plaintiffs' 42 U.S.C. § 1983 claims brought against USCP Officers in their *individual* capacities as claims brought against the officers in their *official* capacities. Where federal officers act under color of state law to violate individuals' constitutional rights, they are liable under Section 1983. Because Defendants have not engaged with the sufficiency of Plaintiffs' pleadings on this front, choosing instead to erroneously characterize Plaintiffs' claims as "official capacity" claims for which sovereign immunity provides a shield, Plaintiffs, too, focus on sovereign immunity and, specifically, its inapplicability in this context.

In any case, the United States has not been properly substituted as a party, so it lacks standing to move for dismissal in the first instance. The United States' motion should thus be stricken or, if not stricken, denied on the merits.

## BACKGROUND

1. Plaintiffs brought this case to challenge the Metropolitan Police Department's ("MPD") and USCP's unjustified and excessive force against them, in violation of the First and Fourth Amendments.

2. Plaintiffs are nine individuals who assembled, along with more than 100 other protesters, outside of the Democratic National Committee building in Washington D.C. on November 15, 2023, to urge Democratic lawmakers to support calls for a ceasefire in Gaza. First Amend. Compl. ("FAC"), (ECF No. 20) ¶ 47.

3. Within minutes of the protestors' arrival at the DNC building, while Plaintiffs were singing, chanting, and projecting messages regarding the sanctity of all human life, MPD and USCP officers descended on the protesters en masse. *Id.* ¶¶ 6, 55.

4. MPD and USCP officers violently dispersed the protest without warning or provocation. *Id.* ¶¶ 57, 59, 95.

5. Specifically, MPD and USCP officers dragged, strangled, punched, pepper sprayed, and tear gassed Plaintiffs, among other violent acts. *Id.* ¶¶ 270–78. The "protesters did nothing to justify or provoke [Defendants'] violence." *Id.* ¶ 99.

6. Supervisors from MPD and USCP stood by and watched as their officers hurt people without provocation. *Id.* ¶ 89. "At no point did the supervising officers instruct the officers to stand down or otherwise intervene in their unlawful and egregious show of force." *Id.*

7. These actions give rise to Plaintiffs' D.C. tort assault and battery claims, as well as their Fourth Amendment excessive force claims. *Id.* ¶¶ 267–300. Plaintiffs also allege that the use of excessive force constituted impermissible retaliation in response to Plaintiffs' protected speech at the protest, *id.* ¶¶ 301–14, and that MPD officers failed to abide by the requirements of D.C.'s First Amendment Assemblies Act in dispersing the protest, giving rise to a negligence per se claim. *Id.* ¶¶ 323–28. Finally, Plaintiff Beth Gen brings a Fourth Amendment unlawful seizure claim. *Id.* ¶¶ 315–22.

## LEGAL STANDARD

In ruling on a motion to dismiss, "the relevant facts are those alleged in the complaint, taken in the light most favorable to the plaintiff and with all reasonable inferences drawn in his favor." *Hurd v. District of Columbia*, 864 F.3d 671, 675 (D.C. Cir. 2017). The complaint should be construed "liberally." *Browning v. Clinton*, 292 F.3d 235, 240 (D.C. Cir. 2002). "A motion to dismiss for . . . for lack of subject matter jurisdiction should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Price v. Greenspan*, 374 F. Supp. 2d 177, 180 (D.D.C. 2005), *aff'd sub nom. Price v. Bernanke*, 470 F.3d 384 (D.C. Cir. 2006). "[I]n the context of lawsuits against state and federal employees, courts should look to whether the sovereign is a real party in interest to determine whether sovereign immunity bars the suit." *Lewis v. Clarke*, 581 U.S. 155, 161–62 (2017). "Defendants in an official-capacity action may assert sovereign immunity. An officer in an individual-capacity action, on the other hand, may be able to assert personal immunity defenses, . . . [b]ut sovereign immunity does

not erect a barrier against suits to impose individual and personal liability." *Id*. at 163 (cleaned up, citations omitted). *See also Meshal v. Higgenbotham*, 804 F.3d 417, 427 ("In 1973, Congress rejected a Department of Justice proposal to substitute the federal government as the defendant in all intentional tort suits against federal officers, including those raising constitutional claims, as part of the Federal Tort Claims Act.").

## ARGUMENT

### I. Under the Westfall Act, the FTCA is Not the Exclusive Remedy for Civil Actions Brought for a Violation of the Constitution of the United States.

The United States argues that this Court lacks subject matter jurisdiction over Plaintiffs' common law assault and battery claims (Count II) because Plaintiffs did not plead FTCA exhaustion. While it is true that the "Westfall Act amended the FTCA to make its remedy against the United States the exclusive remedy for *most* claims against Government employees, . . . [n]otably, Congress also provided an exception for constitutional violations." *Hui v. Castaneda*, 559 U.S. 799, 806–07 (2010) (emphasis added). "The immunity granted by [the Westfall Act] 'does not extend or apply to a civil action against an employee of the Government . . . brought for a violation of the Constitution of the United States.'" *Id*. (citing 28 U.S.C. § 2679(b)(2)(A)). Indeed, as the D.C. Circuit has previously explained, before passing the Westfall Act, Congress twice rejected DOJ proposals to "funnel all liability into claims brought against the government rather than individual federal officers" and

instead, through § 2679(b)(2)(A), excepted claims "brought for" constitutional violations from the Act's exclusive remedy provision. *Meshal*, 804 F.3d at 428.

Plaintiffs' claim falls within this exception. They bring their common law assault and battery claims for the purpose of remedying the injuries they suffered as a result of Defendants' constitutional violations. *See* FAC (ECF No. 20) ¶ 297 ("USCP Defendant Officers are liable under the Westfall Act for committing the torts of assault and battery, and, in so doing, violating Plaintiffs' First and Fourth Amendment rights. *See* Counts I and III."); *see also Dist. of Columbia v. Chinn,* 839 A.2d 701, 705–06 (D.C. 2003) (explaining that police officers are only shielded from liability for the D.C. common law torts of assault and battery when the force they used is not excessive and unreasonable). Because Plaintiffs' assault and battery claims fall under the exception to the Westfall Act's exclusive remedies provision, 28 U.S.C. § 2679(b)(2)(a), they are not subject to the FTCA's exhaustion requirement and are within this Court's jurisdiction.

## II. The United States Cannot Be Substituted as a Defendant Because Plaintiffs' Common Law Tort Claims are Brought for Violations of the Constitution of the United States.

The United States filed a Westfall Notice and Certification attesting that USCP Officers "were acting within the scope of their employment as employees of the United States of America at the time of the" pleaded incidents, for the purposes of substituting the United States "as the defendant for all claims asserted against them as it relates to the common law tort claims asserted in the Amended Complaint." *See* Westfall Notice (ECF No. 30). Relying on this notice and attempted substitution, the

United States now argues that the FTCA governs, Defendants are sued in their official capacities, and sovereign immunity blocks Plaintiffs' tort claims. Not so.

Generally speaking, when the Attorney General certifies under the Westfall Act that a "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the action is construed as being against the United States, and the United States is substituted as a defendant. 28 U.S.C. § 2679(d)(1). But that is not the end of the inquiry, as "the Attorney General's certification is 'the first, but not the final word' on whether the federal officer is immune from suit, and correlatively, whether the United States is properly substituted as a defendant." *Osborn v. Haley*, 549 U.S. 225, 246 (2007) (quoting *De Martinez v. Lamagno*, 515 U.S. 417, 432 (1995)). Plaintiffs are entitled to seek judicial review of the Attorney General's scope-of-employment determination. *Id.*

Here, the Attorney General's certification is invalid because scope-of-employment certification and the subsequent substitution of the United States as a defendant is only available when federal officers are sued under the FTCA, which is not the case here. This is because the "FTCA's scope certification procedure . . . . [is] subject to the 'limitations and exceptions' applicable to actions under the FTCA— including the exception . . . provided by § 2679(b)(2)." *Hui*, 559 U.S. at 810–11; *see also* § 2679(d)(4) (dictating that upon certification, an action shall "proceed in the same manner as any action against the United States filed pursuant to [the FTCA] *subject to the limitations and exceptions applicable to those actions*" (emphasis

added)); *see also Harbury v. Hayden*, 522 F.3d 413, 418 n.2 (D.C. Cir. 2008) ("Unlike under the FTCA and the Westfall Act, no scope-of-employment certification process is available for *Bivens* claims against individual federal officials.").

Stated differently, scope-of-employment certifications are not available to federal officers sued under an exception to the Westfall Act. Since Plaintiffs "br[ing] [their tort claims] for a violation of the Constitution of the United States," § 2679(b)(2), "no scope-of-employment certification process is available." *Harbury*, 522 F.3d at 418 n.2; FAC (ECF No. 20) ¶ 297. This Court should thus reject the Attorney General's certification as invalid and decline to substitute the United States as a defendant. *See id.*

### III. The United States' Motion to Dismiss Should be Stricken Since the United States Lacks Standing and Is Not a Party.

When seeking dismissal under Federal Rule of Civil Procedure 12(b), "the movant may obtain relief only as to itself; the movant has no standing to seek dismissal of the action as to nonmoving parties." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1349 (4th ed. 2024) (citing *Young v. Albert Pick Hotels*, 320 F.2d 719, 720 (D.C. Cir. 1963), which held that a party "not named as the party defendant in the case . . . had no standing" to quash service of process). "It is generally accepted that parties lack standing to seek dismissal of parties other than themselves." *E.E.O.C. v. Brooks Run Min. Co.*, 2008 WL 2543545 at *2 (S.D.W. Va. June 23, 2008) (collecting cases from federal circuit and district courts); *see also Shultz v. Nomac Drilling*, 2017 WL 2958621 at *2 n.3 (W.D. Okla. July 11, 2017) (collecting cases and concluding the same).

Here the United States brings its motion to dismiss only "to the extent [Plaintiffs' claims] are brought against . . . Capitol Police Officers in their official capacities." ECF No. 35 at 5. Plaintiffs have not brought any official capacity claims, nor any claims that can be properly converted to official capacity claims against the United States under Section 2679(d). *See* FAC (ECF No. 20) at ¶¶ 32, 34 (noting that USCP Defendants are sued in their individual capacities). Thus, the United States is "not named as [a] party defendant in the case . . . [and] ha[s] no standing" to bring a motion to dismiss. *Young*, 320 F.2d at 720.

Because the United States is not properly substituted as a party, *supra* Section II, and because USCP Officers are sued only in their individual—not official—capacities, the movant here is not a party to this case, seeks dismissal for a party other than itself, and lacks standing to bring this motion. Accordingly, the United States' motion should be stricken for lack of standing or, in the alternative, denied.

### IV. Defendants are Subject to Liability under 42 U.S.C. § 1983 Because They are Sued in their Individual Capacities and They Acted Under Color of District of Columbia Law.

The United States makes the wrongheaded argument that Counts I (excessive force brought under § 1983), Count III (First Amendment retaliation brought under § 1983), and Count IV (unlawful seizure brought under § 1983) must be dismissed against the "Official Capacity Federal Defendants" because the United States has not waived its sovereign immunity for Section 1983 claims. *See* Motion to Dismiss (ECF No. 35) at 7–8. It also incorrectly contends that a "§ 1983 [claim] against government employees in their official capacities is the equivalent of an action against the

government entity itself," and that the "Official Capacity Federal Defendants" are therefore entitled to sovereign immunity. *Id.*

As explained above, *supra* Section III, the United States is not a defendant, nor can it be properly substituted as one. Moreover, the USCP Defendants are sued in their *individual*—not official—capacities. Indeed, the United States seeks dismissal of Plaintiffs' § 1983 claims only "to the extent [they] are brought against the Official Capacity Federal Defendants," and notes that Defendants will bring a *separate* motion to dismiss § 1983 claims brought against USCP officers in their individual capacities.[1] *See* Motion to Dismiss (ECF No. 35) at 8. Since Plaintiffs have not brought any official capacity claims and the United States is not a proper defendant, there is no basis for sovereign immunity. *See Lewis*, 581 U.S. at 162–63 ("Officers sued in their personal capacity come to court as individuals and the real party in interest is the individual, not the sovereign." (cleaned up, citation omitted)). Plaintiffs' Section 1983 claims cannot be dismissed on this basis.

---

[1] The United States notes that the USCP Defendants will address Plaintiffs' individual capacity claims in a forthcoming motion, in which Defendants will argue Section 1983 is inapplicable because the officers were allegedly acting under color of federal law. *See* Motion to Dismiss (ECF No. 35) at 8–9. This, too, is incorrect. USCP acted under color of D.C. law, or in the alternative, pursuant to a civil conspiracy with the MPD Defendants. *See* FAC (ECF No. 20) at ¶¶ 31–32, 34; *see also Hampton v. Hanrahan*, 600 F.2d 600, 623 (7th Cir. 1979) ("Yet when federal officials are engaged in a conspiracy with state officials to deprive constitutional rights, the state officials provide the requisite state action to make the entire conspiracy actionable under section 1983."). But because the United States lacks standing to bring this motion and the arguments are not properly raised here, Plaintiffs reserve their full arguments on this front for a later date.

## V. The Court Cannot Consider the Capitol Police Statement Because it is not Integral to Plaintiffs' Claims.

In their Amended Complaint, Plaintiffs allege that in order "[t]o justify USCP Defendant Officers' behavior, USCP [falsely] claimed that protesters 'pepper sprayed [their] officers,'" citing a press release published by USCP the day following the Ceasefire Protest. FAC (ECF No. 20) ¶ 98. But "[i]n reality, only the police used chemical weapons that night, and they did so in such an indiscriminate and reckless manner that their own officers were harmed," even though "protesters did nothing to justify or provoke [Defendants'] violence." *Id.* ¶ 99.

The United States now urges the Court to ignore Plaintiffs' well-pleaded allegations—namely, that USCP made false statements to cover up its officers' unconstitutional force—and instead accept those very false statements for their truth. *See* Motion to Dismiss at 6 (ECF No. 35) (alleging that "[p]er the Capitol Police statement that Plaintiffs have incorporated into their complaint, the protest was "not peaceful"). The Court should decline to do so, because USCP's self-serving statement contradicts Plaintiffs' well-pleaded factual allegations and, on consideration of a motion to dismiss, the Court must accept Plaintiffs' allegations as true. *Hurd*, 864 F.3d at 675.

Defendants are wrong that Plaintiffs' reference to this statement means that the Court can properly consider it. While courts *may* consider a statement that a plaintiff has not attached to the complaint, this is only appropriate where the statement is "referred to in the complaint *and* [is] integral to [Plaintiffs'] claim." *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (emphasis added); *cf. Slovinec v.*

*Georgetown Univ.*, 268 F. Supp. 3d 55, 59 (D.D.C. 2017), *aff'd*, No. 17-7122, 2018 WL 1052650 (D.C. Cir. Jan. 26, 2018) (allowing consideration "where a document is referred to in the complaint and is *central* to the plaintiff's claim") (emphasis added). Here, the Capitol Police statement is not central to Plaintiffs' claims; Plaintiffs' reference it not for its truth but for the sole purpose of showing that USCP made *false* statements to cover up its officers' use of excessive force. Accordingly, it must be disregarded here.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss should be stricken, or in the alternative, denied.

Respectfully submitted this 11th day of March, 2025,

/s/ Shirley LaVarco
Brittany Francis
D.C. Bar No. 90008960
Shirley LaVarco
D.C. Bar No. 90005167
Alessandro Clark-Ansani*
D.C. Bar No. 90018563
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Phone: (202) 844-4975
* Pending admission to D.D.C.

Sumayya Saleh
D.C. Bar No. 1743427
Hamed Law
P.O. Box 25085
Washington, D.C. 20027
Phone: (202) 888-8846

Barbara Franco Olshansky
District of D.C. Bar No. NY0057
KENSINGTON CENTER FOR JUSTICE
HUMAN RIGHTS ADVOCATES
707 Beverley Road
Brooklyn, NY 11218
Phone: (650) 388-2237

*Counsel for Plaintiffs*