UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM RISE, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>JASON BAGSHAW, Commander, Metropolitan Police Department, et al.,<br><br>      Defendants. | Civil Action No. 24-2388 (RCL) |

**INDIVIDUAL CAPACITY FEDERAL DEFENDANTS' REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS**

By and through undersigned counsel, Defendants United States Capitol Police ("Capitol Police") Sergeant Joseph Sobnosky IV, Officers Kyle O'Keefe, Khan (first name not identified), Zach Piazza, and Yordanos Tessema, and John Doe Capitol Police Officers in their individual capacities (collectively, the "Individual Capacity Federal Defendants") respectfully submit this reply in further support of their motion to dismiss Plaintiffs' Amended Complaint (ECF No. 46, "Defs. Mot.").

**I.    The Court Should Dismiss Plaintiffs' § 1983 Claims Against the Individual Capacity Federal Defendants.**

The Individual Capacity Federal Defendants explained in their opening brief that Count I (excessive force brought under § 1983), Count III (First Amendment retaliation brought under § 1983), and Count IV (unlawful seizure brought under § 1983) must be dismissed against them because they were not acting "under color" of state law as § 1983 requires. Defs. Mot. (ECF No. 46) at 4-7.

Plaintiffs argue that the Individual Capacity Federal Defendants were acting "under color" of state law because they were engaged in a "conspiracy" with the Metropolitan Police

Department. Pl. Opp'n (ECF No. 47) at 14-21. Plaintiffs Amended Complaint, however, fails to adequately plead a plausible "conspiracy" between the Capitol Police and the Metropolitan Police Department. A civil conspiracy entails an agreement to commit an "unlawful overt act," and the overt act must be "done pursuant to and in furtherance of the common scheme." *Sec. Am. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).

Here, Plaintiff fails to plead any facts as to an agreement between the Capitol Police and the Metropolitan Police Department, let alone any "common scheme" between them. Defs. Mot. (ECF No. 46) at 6. Plaintiffs' conclusory allegations that the Capitol Police and the Metropolitan Police Department "were engaged in a civil conspiracy," Am. Compl. (ECF No. 20) ¶¶ 287, 310, 319, and "[o]n information and belief . . . formulated a plan to disrupt the protest with brute force," *id.* ¶ 95, "do not suffice." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal pleading standards require "more than labels and conclusions," which is the extent that Plaintiff has pled the purported civil conspiracy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations marks omitted). At most, Plaintiffs plead "a formulaic recitation of the elements of" civil conspiracy, but this "will not do." *Id.* (internal quotations marks omitted). "[F]urther factual enhancement" is required; the "naked assertions" that Plaintiff alleges as to the purported civil conspiracy are insufficient. *Id.* (internal quotations marks omitted); *see Leonard v. George Washington Univ. Hosp.*, 273 F. Supp. 3d 247, 255 n.6 (D.D.C. 2017) (dismissing § 1983 claims brought against FBI and Capitol Police employees where plaintiff "has alleged no *facts* to support his conclusory assertions that the federal defendants were working in 'collusion' or 'agreement' . . . with [the Metropolitan Police Department] and/or private parties performing local government functions"), *aff'd* No. 17-5194, 2018 WL 3524644 (D.C. Cir. July 9, 2018).

Notably, Plaintiffs misrepresent the quotation from *Leonard*, 273 F. Supp. 3d at 255 n.6. Pls. Opp'n (ECF No. 47) at 15. The court in *Leonard* emphasized that there were "no *facts*" supporting the conclusory conspiracy assertions, as is the case here. *Leonard*, 273 F. Supp. 3d at 255 n.6. Plaintiff deemphasizes the word "facts" and emphasizes the word "no" ("*no* facts")—without any indication of altering the quotation, presumably to try to distinguish this case by showing that there are more than "*no* facts." Pls. Opp'n (ECF No. 47) at 15-16. The instant case is like *Leonard* because Plaintiff pleads only conclusions and "no *facts*" to support the conspiracy allegation.

Plaintiffs fall far short of showing that the conduct of the Capitol Police Officers can be "treated as that of" the District of Columbia, and thus, their conduct cannot be called "D.C. action." *Williams v. United States*, 396 F.3d 412, 415 (D.C. Cir. 2005). The United States Capitol Police officers are federal officials, not D.C. officials, and the federal government—not the D.C. government—gives the Capitol Police law enforcement authority to police the United States Capitol Buildings and Grounds and the Extended Jurisdiction Zone, where the Democratic National Committee's Headquarters is located and where the protests took place. 2 U.S.C. § 1961(a); *id.* § 1967(a)(4)(b)(1).

Plaintiffs are incorrect that the Capitol Police's jurisdiction is limited to the areas under control of the Architect of the Capitol. Pls. Opp'n (ECF No. 47) at 17 & Ex. 1. The Capitol Police's law enforcement authority extends to the area described in 2 U.S.C. § 1967(a)(4)(b)(1), which includes the location of the Democratic National Committee's Headquarters at 430 South Capitol Street SE (between D and E Streets SE). *See* Ex. 1 attached hereto (Boundary of the Extended Jurisdiction, U.S. Capitol Police). The fact that the Metropolitan Police Department, under GO-310.01, may also police certain areas within that jurisdiction is of no significance in

determining whether the Individual Capacity Federal Defendants were acting "under color" of state law; federal statute—not D.C. code—gave the Capitol Police Officers authority to police the pertinent area.

The other General Order that Plaintiffs reference, GO-801.07, does not appear to be a General Order that is currently in effect. *See* https://mpdc.dc.gov/page/written-directives-general-orders. To the extent Plaintiffs intended to reference GO-801.01 (Crowd Management and Civil Unrest), *see* https://go.mpdconline.com/GO/GO_801_01.pdf, that General Order says nothing about limiting the jurisdiction or policing authority of the Capitol Police, particularly here where Members of Congress were in danger. *See* 2 U.S.C. § 1966(a) (federal statute giving the Capitol Police the authority to protect Congressional members and their families).

The Court should dismiss the § 1983 claims (Counts I, III, and IV) brought against the Individual Capacity Federal Defendants because they were not acting "under color" of state law as § 1983 requires.

**II.     Count II for Common Law Assault and Battery Fails.**

Plaintiffs have relinquished any potential *Bivens* claims. Pls. Opp'n (ECF No. 47) at 4, 9-10. Instead, Plaintiffs contend that the Individual Capacity Defendants "are liable under D.C. common law for committing the torts of assault and battery and, in so doing, violating Plaintiffs' First and Fourth Amendment Rights." *Id.* at 9. Plaintiffs' argument fails.

Plaintiffs plead "Common Law Assault and Battery." Am. Compl. (ECF No. 20) at 71 ("Count II: Common Law Assault and Battery"). Plaintiffs specify that the Capitol Police Officers are "liable under the Westfall Act for committing the torts of assault and battery[.]" *Id.* ¶ 297. Therefore, as pled, Plaintiffs must proceed under the Federal Tort Claims Act ("FTCA"), which is the exclusive remedy for obtaining damages based on tortious conduct committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b); 28 U.S.C.

§ 2679(b)(1); *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). Therefore, the FTCA governs Plaintiffs' common law assault and battery claim (Count II), and the Court should dismiss the claim because Plaintiffs fail to plead FTCA exhaustion. *See* Official Capacity Fed. Defts. Mot. to Dismiss (ECF No. 35) at 4-7.

To the extent Plaintiffs are now contending that they are not subject to the Westfall Act, which is contrary to the allegations in their Amended Complaint, they "cannot amend their complaint by the briefs in opposition to a motion to dismiss." *Kingman Park Civic Assoc. v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014). In any event, even if Plaintiffs were permitted to amend their complaint via their opposition brief, the constitutional torts exception to the FTCA does not apply to their assault and battery claim because Count II is not a constitutional claim. Pls. Opp'n (ECF No. 47) at 12-14. Under the constitutional carveout to the FTCA, sovereign immunity does not "extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." 28 U.S.C. § 2679(b)(2)(A). Count II, however, is "brought for" common law assault and battery. Am. Compl. (ECF No. 20) at 71 ("Count II: Common Law Assault and Battery"). As Plaintiffs allege, the Capitol Police Officers are "liable . . . for committing the torts of assault and battery." *Id.* ¶ 297. Plaintiffs further allege that "in doing so," i.e., committing assault and battery, the Capitol Police Officers violated Plaintiff's Constitutional rights. *Id.* Count II is thus "brought for" a common law tort and not a constitutional violation; the constitutional carveout does not apply.

In *Black Lives Matter D.C. v. Barr*, Civ. A. No. 20-1469 (DLF), 2024 WL 3300158, at *4 (D.D.C. July 4, 2024), the Court rejected the same broad construction of "the Westfall Act's constitutional carveout" that Plaintiffs invoke here. The Court rejected plaintiff's argument that an action is "brought for a violation of the Constitution," thus triggering the carveout, "whenever [the

action] has the purpose or effect of remedying a constitutional violation. *Id.* at *4. Rather, the exception may extend to suits under a Constitutional Amendment, a statute that creates a private right of action for the constitutional violation, or perhaps is restricted to only *Bivens* claims, but the carveout does not extend to the broadest construction, i.e., "whenever it would help vindicate a plaintiff's constitutional rights." *Id.* at *4-5. Here, under Count II, Plaintiffs have sued the Individual Capacity Federal Defendants for common law assault and battery, not for a violation of the First and Fourth Amendment; there is no private right of action for such a claim; and Plaintiff has affirmed that they are not moving under *Bivens*. Rather, they are seeking to invoke the broadest construction of the carveout, which the Court in *Black Lives Matter D.C.* has rejected.

Plaintiffs last resort is to assert supplemental jurisdiction under 28 U.S.C. § 1367, Pls. Opp'n (ECF No. 47) at 5, 14; Am. Compl. (ECF No. 20) ¶ 17, but Plaintiffs have asserted no viable claims in which the Court has original jurisdiction, and, therefore, dismissal of the purported state tort claim is appropriate.

## CONCLUSION

For the reasons discussed above and in Defendant's opening brief, the Court should dismiss all claims against the Official Capacity Federal Defendants.

Dated: April 10, 2025                Respectfully submitted,

                                                 EDWARD R. MARTIN, JR., D.C. Bar #481866
                                                 United States Attorney

                                                 By:       */s/ M. Jared Littman*
                                                        M. JARED LITTMAN
                                                        Assistant United States Attorney
                                                        601 D Street, NW
                                                        Washington, DC 20530
                                                        (202) 252-2523

                                                 *Attorneys for the United States of America*